UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NATURAL ORGANICS, INC.,

                    Plaintiff,

  -against-                                   **MEMORANDUM & ORDER**

TRC NUTRITIONAL LABORATORIES,            Civil Action No. 08-3644
INC., THE ROCKLAND CORPORATION
a/k/a/ TRC ROCKLAND CORPORATION,
TRC THE ROCKLAND CORPORATION
and TRC NUTRITIONAL LABORATORIES,

                    Defendants.
----------------------------------------------------------X

**Appearances:**

**Meyer, Suozzi, English & Klein, P.C.**
Attorneys for Plaintiff
990 Stewart Avenue, Suite 300
Garden City, New York 11530
By:    Kevin Schlosser, Esq.
         Melanie Hendry, Esq.

**Miller, Rosado & Algios, LLP**
Attorneys for Defendants
200 Old Country Road, Suite 590
Mineola, New York 11501
By:    Neil A. Miller, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff Natural Organics Inc. ("Plaintiff" or "Natural Organics" ) commenced this action seeking to enforce the terms of a contract entered into with defendants TRC Nutritional Laboratories, Inc. and The Rockland Corporation (collectively "Defendants" or "TRC"). According to the allegations in the complaint, under the terms of that contract TRC agreed to produce a liquid form of Plaintiff's "Source of Life" multi-vitamin, mineral and whole food dietary supplement. TRC further agreed "not [to] disclose confidential information concerning

materials or formulations regarding the production of [liquid Source of Life]" and "not [to] produce a green liquid multi-vitamin that combines vitamins and minerals with the following ingredients (alone or in combination): spirulina, barley grass, alfalfa and/or bee pollen." (Compl. at ¶ 10.)

With the filing of its complaint Plaintiff sought a temporary restraining order and preliminary injunction. According to Plaintiff, Defendants were violating the terms of the above referenced contract by producing a green liquid multi-vitamin called "Alive" for another company, Nature's Way. Despite receiving notice of both applications, Defendants did not appear or otherwise oppose the applications. On September 10, 2008, a temporary restraining order was issued and on September 17, 2008, a preliminary injunction was issued. In general, the preliminary injunction precluded Defendants from producing, shipping, distributing or selling a green liquid multi-vitamin that combines vitamins and minerals with spirulina, barley grass, alfalfa and/or bee pollen and from using, disclosing or appropriating information concerning materials or formulations regarding the production of Plaintiff's liquid Source of Life. (*See* Docket No. 14.) Approximately one month after the issuance of the preliminary injunction, Defendants moved by Order to Show Cause to vacate their default in responding to the application for a preliminary injunction.[1] (*See* Docket No. 19.)

On October 29, 2008, this Court rendered an oral decision in which it determined that TRC would be given an opportunity to address the merits of the preliminary injunction. The Court further indicated that, upon application by Plaintiff, it would consider imposing

---

[1] The Court notes that Defendants' default did not extend to a default in answering the complaint.

appropriate conditions attendant to relieving Defendants of their default on the preliminary injunction application. Plaintiff thereafter brought the instant application to have TRC pay "the attorneys' fees and costs incurred by Natural Organics arising after and as a result of TRC's default (and TRC's continuing disregard of the court orders thereafter); and (2) TRC's posting of a bond to secure its payment of any ultimate judgment and its timely compliance with future court orders." (Pl.'s Mem. in Supp. (Docket No. 37) at 1.) Plaintiff also seeks a ruling regarding the burden of proof and the standard applied to TRC's attempt to challenge the preliminary injunction. These applications shall be addressed seriatim.

**I.      The Application to Condition TRC's Relief from its Default
         upon TRC's Payment of Fees and the Posting of a Bond.**

A district court has inherent discretion to impose conditions upon relief from a default. *Powerserve International Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001). "[I]n determining whether to exercise its discretion to set aside a default . . . a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party." *Id.* In exercising that discretion, a court has substantial flexibility to fashion the appropriate remedy. *See, e.g., Knox v. The Palestine Liberation Org.*, 248 F.R.D. 420, 429 (S.D.N.Y. 2008).

In exercising its discretion in this case, the Court finds that it is appropriate to condition the vacatur of Defendants' default on the preliminary injunction motion on the payment of the reasonable attorneys' fees and costs incurred by Plaintiff in this action as result of the default. Which is to say, Defendants' shall be required to pay for the reasonable attorneys' fees and costs incurred by Plaintiff in opposing Defendants' order to show cause to vacate their default, as well

3

as in those incurred in connection with the current application.

The Court is not persuaded by Plaintiff's argument that TRC should be ordered to pay its costs for all of the proceedings that arose after the preliminary injunction, including apparently attorneys' fees incurred in the related action commenced by Plaintiff against Nature's Way. That Plaintiff made a deliberate choice to commence a separate second action against Nature's Way cannot be said to have resulted directly from the default at issue. Similarly, Defendants should not be responsible for the fees incurred by Plaintiff in connection with the application of Nature's Way to vacate the preliminary injunction entered against the instant Defendants.

Nor is the Court persuaded that it is appropriate to require Defendants to post a bond to secure any eventual judgment in this action. *Powerserve*, *supra,* cited by Plaintiff in support of this request, is readily distinguishable as that case involved vacatur of a default judgment. No default judgment was entered in this case.

Accordingly, Plaintiff's application for conditions attendant to the vacatur of Defendants' default on the motion for preliminary is granted solely to the extent that Defendants' shall be required to pay for the reasonable attorneys' fees and costs incurred by Plaintiff in opposing Defendants' order to show cause to vacate their default, as well as in those incurred in connection with the current application. Plaintiff shall be directed to submit contemporaneously maintained documentation as to those attorneys' fees and costs, together with any affidavit(s) necessary to support the award of fees.

## II.  The Request for a Ruling on the Burden of Proof.

What remains is Plaintiff's request that the Court issue a ruling regarding the burden of proof and the standard to be applied to TRC's attempt to challenge the preliminary injunction.

4

Given that the preliminary injunction remains in effect while the parties' engage in discovery, it seems to the Court that issuing such a ruling would be premature at this juncture. Indeed, the need for such a ruling may become obviated in the event the preliminary injunction and trial on the merits are consolidated.

## Conclusion

For the reasons set forth herein, Plaintiff's motion is granted solely to the extent that Defendants shall be required to pay the reasonable attorneys' fees and costs incurred by Plaintiff in opposing Defendants' order to show cause to vacate their default, as well as in connection with the current application, the exact amount to be determined after the submissions directed below; the application is otherwise denied. Plaintiff is directed to serve and file contemporaneously maintained documentation as to those attorneys' fees and costs (together with any affidavit(s) necessary to support an award of fees) within thirty (30) days of the date of this Order. Defendants shall then have twenty (20) days to serve and file opposing papers. Plaintiff shall then have ten (10) days to reply.

**SO ORDERED.**

Dated: Central Islip, New York
      September 10, 2009

/s/
Denis R. Hurley
Senior District Judge